**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-2217**

MILAGROS PEREZ-TATEM,

Plaintiff - Appellant,

versus

GORDON ENGLAND, Secretary Department of Navy,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonard D. Wexler, Senior District Judge, sitting by designation.  (1:05-cv-00450-LDW)

Submitted:  September 26, 2007      Decided:  October 11, 2007

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nathaniel D. Johnson, THE LAW FIRM OF NATHANIEL D. JOHNSON, Waldorf, Maryland, for Appellant. Chuck Rosenberg, United States Attorney, Kevin J. Mikolashek, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Milagros Perez-Tatem ("Tatem") appeals the district court's denial of her motion for a new trial, challenging the jury's verdict in favor of her employer, the United States Navy ("the Secretary"). Tatem contends the district court abused its discretion in refusing to give a mixed-motive instruction she proposed. For the reasons that follow, we affirm.

We review challenges to jury instructions for an abuse of discretion. South Atlantic Ltd. P'ship v. Riese, 284 F.3d 518, 530 (4th Cir. 2002). Instructions will be considered "adequate if 'construed as a whole, and in light of the whole record, [they] adequately [inform] the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party.'" Id. (quoting Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir. 1987)). If this court finds the instructions flawed, it will not reverse "unless the error seriously prejudiced the challenging party's case." Id. (citation omitted).

Tatem proposed an instruction stating, "there must be competent evidence that the alleged retaliatory motive played a part in the adverse employment actions alleged." The instructions provided to the jury stated that the jury had to "decide whether the plaintiff has proven by a preponderance of the evidence that the defendant has intentionally retaliated against her when she was not promoted to the GS-12 level in July of 2003." The instructions

2

also stated that Tatem was "not required to produce direct evidence of retaliation. Intentional retaliation may be inferred from the existence of other facts."

Tatem waived her opportunity to propose a mixed-motive instruction by failing to timely file instructions in accordance with the Eastern District of Virginia's Local Rule 51 ("in all cases tried to a jury the parties shall submit proposed instructions . . . at least five (5) business days before the scheduled trial date."). Tatem filed proposed instructions on March 22, 2005, three business days before trial. We cannot conclude the district court clearly abused its discretion in determining that Tatem's proposed instructions were untimely and rejecting the instruction on that basis. See Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986).

Furthermore, the facts here are unlike those in Rowland v. Am. Gen. Fin., Inc., 340 F.3d 187, 192 n.3 (4th Cir. 2003), where the district court instructed the jury that it had to conclude gender was the "determinative factor" in the decision not to promote and unless gender and gender alone were the basis for the decision, the plaintiff could not recover. In Rowland, the court's misleading instruction seriously prejudiced the plaintiff's case in the face of evidence that the supervisor who had the authority to promote the plaintiff allegedly admitted that he "just [didn't] need another woman in this position" and evidence that

3

another female superior confirmed that gender was the reason for the plaintiff's lack of promotion.  <u>Rowland</u>, 340 F.3d at 193-94. In contrast, the instructions given by the court in this case did not suggest that retaliation had to be the determinative or exclusive factor in the decision not to promote.

We also reject Tatem's argument that the instruction was mandated by the court's ruling on summary judgment.  In its ruling on summary judgment, the court merely concluded that the jury should be allowed to consider Tatem's supervisor's alleged comments and determine whether those statements amounted to evidence that the supervisor retaliated against Tatem when she did not promote her several months later.  The court did not rule, nor could it have ruled at the summary judgment stage, on the applicability of specific jury instructions.

Accordingly, we affirm the district court's order denying Tatem's motion for a new trial.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4